UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOKHVAT HOLDINGS LLC,<br><br>       Plaintiff,<br><br> v.<br><br>U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WAMU SERIES 2007-OA4 TRUST; BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WAMU SERIES 2007-OA4TRUST<br><br>       Defendant. | Docket No.: _____ (   )<br><br><br>**VERIFIED COMPLAINT** |

Plaintiff Gokhvat Holdings LLC ("Plaintiff"), by and through its counsel, Rosenberg, Fortuna & Laitman LLP, as and for its Complaint against the Defendants U.S. Bank National Association, Successor Trustee to Bank of America, National Association as Successor by Merger to LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates WaMu Series 2007-OA4 Trust ("U.S. Bank") and Bank of America, National Association as Successor by Merger to LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates WAMU Series 2007-OA4Trust ("BOA") hereby allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action pursuant to Article 15 of the Real Property Actions and Proceedings Law of the State of New York ("RPAPL") to compel a determination of claims to real property located at 20 West Street, Unit 11H, New York, New York 10004, Block No. 15, Lot No. 1131, New York County (the "Premises").

2.      More specifically, Plaintiff seeks the cancellation and discharge of a certain mortgage encumbering the Premises, pursuant to RPAPL § 1501(4).

## PARTIES

3.      Plaintiff, the exclusive owner, in fee simple of the Premises, is a foreign limited liability company existing under the laws of the State of Delaware.

4.      Plaintiff's members are citizens of New York and Texas.

5.      Upon information and belief, Defendant U.S. Bank is a corporation and citizen of Ohio.

6.      Upon information and belief, Defendant BOA is a corporation and citizen of North Carolina.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because the matter in controversy and intended benefit or the value of the right being protected and the injury being averted exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Southern District of New York is the District where the subject Premises is located and because this is the District where a substantial amount of the activities forming the basis of this Complaint occurred.

## THE PREMISES

9.      Plaintiff is the exclusive owner, in fee simple, of the Premises, pursuant to a deed dated March 15, 2021.

## FIRST CAUSE OF ACTION – RPAPL §1501(4)
### (Against Defendant)

10.      According to the land records of the Premises, on or about March 30, 2007, non-parties Sherry Kim and Thomas D. Kim (the "Kims") allegedly executed and delivered a mortgage in favor of Washington Mutual Bank, FA ("WaMU") in the amount of $368,000.00 (the "Mortgage").  The Mortgage was allegedly recorded in the Office of the City Register on April 16, 2007 as CRFN No. 2007000194901.  A true and correct copy of the Mortgage is attached hereto as **Exhibit A**.

11.      According to Court records, on or about August 20, 2018, Defendant US Bank initiated a foreclosure proceeding with respect to the Mortgage in New York County Supreme Court in an action entitled *U.S. Bank National Association, Successor Trustee to Bank of America, National Association as Successor by Merger to LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates WaMu Series 2007-OA4 Trust v. Sherry Kim, et al.* Index Number 850238/2018 (the "Foreclosure Action").  It is Foreclosure Action,  US Bank alleged to be the current holder and owner of the Note and Mortgage.

12.     Summary judgment in favor of the defendant in the Foreclosure Action was granted by the Honorable Arlene P. Bluth, J.S.C., on November 15, 2019, on the grounds that the period allowed for the commencement of an action to foreclose the Mortgage had expired prior to the date the Foreclosure Action was commenced ("Summary Judgment.")

13.     The aforementioned Summary Judgment also dismissed the Foreclosure Action, and directed the cancellation of the "notice of pendency" that had been filed in the Foreclosure Action and against the Premises on August 20, 2018.

14.     According to the land records for the Premises, it appears that the current owner and holder of the aforementioned Mortgage is Defendant BOA who is the last assignee of record. A true and correct copy of the assignment of mortgage dated October 7, 2009 and recorded in the Office of the City Register on  November 30, 2009 as CRFN No. 2009000390649 is attached as **Exhibit B.**

15.     However, upon information and belief, Defendant US Bank is the current owner and holder of the aforementioned Mortgage as evidenced by its commencement of the Foreclosure Action in 2018 and its allegations therein that it is the current owner and holder of the Mortgage.

16.     The Mortgage interest is a property interest which is adverse to Plaintiff's interest in the Premises.

17.     Pursuant to New York law, the applicable statute of limitations period within which to commence an action to foreclose a mortgage is six (6) years.

18.     It is well established that when a mortgage is payable in installments, there are separate causes of action for each installment accrued and the applicable statute of limitations period begins to run on the date each installment becomes due. However, once a mortgage debt is

accelerated, the entire amount becomes due and payable and the applicable six (6) year statute of limitations period begins to run on the entire mortgage debt.

19.     The Summary Judgment constitutes a final judicial determination that the Mortgage is time-barred under the applicable statute of limitations period, and thus subject to extinguishment pursuant to N.Y. RPAPL § 1501(4).

20.     Since the Foreclosure Action was determined to be time-barred, Defendants US Bank or BOA (whichever is the current owner and/or holder of the Mortgage) and their successors and/or assigns are now barred from commencing any action to foreclose on the Mortgage as against Plaintiff.

21.     In light of the foregoing, Defendants US Bank and BOA have no just claim to an estate, trust, or other interest in the Premises.

22.     As a result, Plaintiff is entitled to the cancellation and discharge of the Mortgage, as well as a determination that its interest in the Premises is free and clear of the same.

23.     Plaintiff is similarly entitled to a declaration that Defendants US Bank, BOA, their successors and/or assigns, all persons or entities claiming under and/or acting in concert with Defendants US Bank and BOA, are forever barred and precluded from asserting any claims to an estate, trust or other interest in the subject Premises.

24.     Upon information and belief, however, Defendants US Bank and/or BOA, based upon the aforementioned Mortgage, may claim an estate or interest in the Premises that is adverse to the Plaintiff.

25.     Specifically, upon information and belief, Defendants US Bank and/or BOA may still claim to hold a valid lien on the Premises as mortgagee.

26.     Any other claims which Defendants US Bank and/or BOA may make in connection with the subject Premises are unknown to Plaintiff.

27.     Defendants US Bank and/or BOA are not in possession of the Premises.

28.     Defendants US Bank and/or BOA's  claimed interests in the Premises will interfere with Plaintiff's lawful and just rights in and to the Premises.

29.     Upon information and belief, no other person or entity has claimed, or may claim any estate, trust, or other interest in the Premises other than the aforementioned Defendants US Bank and/or BOA.

30.     Upon Information and belief, no Defendant herein is unknown or an infant, mentally retarded, mentally ill, or an alcohol abuser.

31.     Upon information and belief, no judgment granted herein will affect any person or persons not in being or ascertained at the commencement of this action, who by any contingency contained in a devise or grant otherwise, could afterward become entitled to a beneficial estate or interest in the Premises, and every person in being who would have entitled to such estate or interest, if such event had happened immediately before the commencement of the action, is named as a party hereto.


**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

**WHEREFORE**, Plaintiff respectfully demands judgement as follows

a. Cancelling and discharging the Mortgage, or in the alternative, declaring the Mortgage to be unenforceable;

b. Adjudging the estate and interest of Plaintiff in the Premises to be free and clear from any estate, encumbrance, or other interest of Defendants US Bank and/or BOA, their successors and/or assigns and all persons or entities claiming under and/or acting in concert with said Defendants;

c. Declaring that Defendants US Bank and/or BOA, their successors and/or assigns and all persons or entities claiming under and/or acting in concert with said Defendants, be forever barred and precluded from asserting any claims to an estate, encumbrance, trust, or other interest in the subject Premises;

d. Directing the New York County Clerk's Office upon payment of proper fees, to cancel, discharge, and remove the Mortgage recorded in Office of the City Register on April 16, 2007 as CRFN No. 2007000194901, as against the Premises;

e. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses; and

f. Granting other and such further relief as the Court may deem just and proper.

Dated: Garden City, New York
March 24, 2021

**ROSENBERG FORTUNA
& LAITMAN, LLP**

By:

**ANTHONY R. FILOSA, Esq.**
Attorneys for **Plaintiff**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666
AF4563

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ( 4) the complaint otherwise complies with the requirements of Rule 11.

ANTHONY R. FILOSA
AF4563

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOKHVAT HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WAMU SERIES 2007-OA4 TRUST,<br><br>Defendant. | Docket No.: _____ (   )<br><br><br>**ATTORNEY VERIFICATION** |

**ANTHONY R. FILOSA, Esq.**, an attorney at law, duly admitted to practice in the Courts of the State of New York and the United States District Court for the Southern District of New York, affirms under penalties of perjury that:

I am the attorney for the Plaintiff, GOKHVAT HOLDINGS LLC, in the above-entitled action. I have read the foregoing Summons and Verified Complaint and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by me and not by the Plaintiff, GOKHVAT HOLDINGS LLC, is because the Plaintiff is not located in the county in which its attorney maintains an office.

The source of my information and the grounds of my beliefs are privileged communications and/or a review of the documents contained in the file.

Dated: Garden City, New York
        March 24, 2021

9

ROSENBERG FORTUNA
& LAITMAN, LLP

By:

ANTHONY R. FILOSA, Esq.
Attorneys for **Plaintiff**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666