```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GOKHVAT HOLDINGS LLC,                                       :
                                        Plaintiff,          :
                                                            :    21 Civ. 2558 (LGS)
                  -against-                                 :
                                                            :    OPINION AND ORDER
U.S. BANK NATIONAL ASSOCIATION, et al.,                     :
                                       Defendants.          :
                                                            :
----------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Gokhvat Holdings LLC ("Gokhvat") brings this action against Defendants U.S. Bank National Association ("U.S. Bank") and Bank of America, National Association to quiet title to real property under New York's Real Property Actions and Proceedings Law ("RPAPL") §1501(1) and §1501(4). At the Court's direction, Defendants and Plaintiff filed cross-letter motions to abstain from and to retain jurisdiction, respectively, based on the abstention doctrine on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). For the reasons below, Defendants' motion is denied, and Plaintiff's motion is granted.

I.     BACKGROUND

The following facts are taken from the Complaint or are matters of which judicial notice may be taken, including from public filings. *See Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021); *Melendez v. City of New York*, 16 F.4th 992, 1037 n.66 (2d Cir. 2021). The Complaint's allegations are assumed to be true for purposes of this motion and are construed in the light most favorable to Plaintiff as the non-moving party. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

1

### A. The Mortgage

On March 30, 2007, non-parties Sherry E. Kim and Thomas D. Kim ("Borrowers") executed a mortgage in favor of Washington Mutual Bank, FA, on Unit 11H in a condominium located at 20 West Street, New York, New York 10004 (the "Property") as security for a loan in the amount of $368,000.00.  On April 16, 2007, the mortgage was recorded in the Office of the City Register of the City of New York.  U.S. Bank is the current holder of the mortgage.

### B. The First Foreclosure Action

On May 21, 2010, the then-mortgage holder commenced a foreclosure action against the Borrowers on the Property in the Supreme Court of the State of New York, New York County (the "Supreme Court") (the "First Foreclosure Action").  On June 6, 2016, Robert L. Gordons LLC ("Gordons") recorded the Sheriff's Deed, dated May 4, 2016, in the Office of the City Register of the City of New York.  On September 9, 2016, the Supreme Court granted a Judgment of Foreclosure and Sale to U.S. Bank.

Gordons moved to intervene on the basis that it had acquired ownership of the Property through a Sheriff's Deed.  Gordons moved to vacate the Judgment of Foreclosure and Sale and dismiss the First Foreclosure Action, arguing that U.S. Bank had failed to move for default judgment within one year of the Borrowers' default as required by CPLR § 3215(c).  On March 27, 2018, the Supreme Court granted Gordons's motion, vacated the Judgment of Foreclosure and Sale and dismissed the First Foreclosure Action.

### C. The Second Foreclosure Action

On August 20, 2018, U.S. Bank filed a new foreclosure action and Notice of Pendency related to the Property in the Supreme Court (the "Second Foreclosure Action").  Gordons filed an answer in the Second Foreclosure Action, asserting an affirmative defense that the action was

barred by the six-year statute of limitations.  The parties cross-moved for summary judgment.  On November 15, 2019, the Supreme Court granted Gordons's motion for summary judgment, dismissed the Second Foreclosure Action on the merits and directed the cancellation of the notice of pendency.  The basis for the decision was that the action was untimely and was not revived by CPLR § 205(a).

### D.  Appeal of the Second Foreclosure Action and Conveyance of the Property

On December 9, 2019, U.S. Bank appealed to the Appellate Division, First Department.  On March 17, 2021, Gordons conveyed the Property to Gokhvat.  On March 19, 2021, the deed was recorded in the Office of the City Register of the City of New York.  Just a week later, on March 25, 2021, the Appellate Division reversed the Supreme Court and reinstated the Second Foreclosure Action against Gordons.  The Appellate Division held that the action was timely pursuant to CPLR § 205(a), because it was commenced within six months of the termination of the First Foreclosure Action and the Supreme Court had not found a "general pattern of delay in proceeding with the" prior action.

On May 5, 2021, the Supreme Court, on remand, granted U.S. Bank's motion for summary judgment and default judgment and appointed a referee.  The court held that Gordons lacked standing to defend the foreclosure action because it had transferred the Property to Gokhvat and struck Gordons's answer.  U.S. Bank was ordered to move for judgment of foreclosure and sale within 45 days of receipt of the referee's report.  On June 21, 2021, Gordons filed a motion to reargue the decision that it lacked standing to defend.  *See* CPLR § 2221(d).  On September 21, 2021, Gordons filed a motion to dismiss based on U.S. Bank's failure to substitute timely Gokhvat.  On October 19, 2021, U.S. Bank opposed Gordons's motion to

dismiss and cross-moved to substitute Gokhvat in place of Gordons. Non-party Gokhvat opposed the cross-motion.

On June 14, 2022, the Supreme Court granted Gordons's motion to reargue and vacated the May 5, 2021, decision in which it held that Gordons lacked standing to continue defending the action because Gokhvat had not been joined in the action. The court relied on "CPLR § 1018, which states that '[u]pon the transfer of any interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action.'" In light of this decision, the court, also on June 14, 2022, denied without prejudice Gordon's motion to dismiss based on the failure to substitute Gokhvat, and U.S. Bank's cross-motion to substitute Gokhvat in place of Gordons. Both orders are on appeal.

**E. This Action by Gokhvat to Discharge the Mortgage**

On March 24, 2021, Gokhvat commenced this action seeking to discharge the mortgage on the ground that the Supreme Court in the Second Foreclosure Action had determined that the six-year statute of limitations prohibits enforcement of the mortgage against Gokhvat. This occurred after the Supreme Court had dismissed the foreclosure action, while that ruling was on appeal, but before the First Department reversed on March 25, 2021.

On June 22, 2021, Gokhvat filed the operative Complaint. The Complaint alludes to the fact that the state court's summary judgment on which this action had been based was reversed but alleges that Gokhvat was entitled to rely on the summary judgment order at the time it paid $125,000 in consideration to acquire the property.

On June 24, 2021, Defendants moved to dismiss. On December 14, 2021, the Court denied Defendants' motion without prejudice and directed the parties to file letters on whether

4

abstention pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). On January 7, 2022, Gokhvat and Defendants filed letter motions to retain and abstain from jurisdiction, respectively. On August 8, 2022, Gokhvat filed a pre-motion letter seeking leave to move for summary judgment and notifying the Court that the Supreme Court had denied U.S. Bank's motion to substitute Gokhvat into the state action. Defendants in this action opposed Gokhvat's request and notified the Court that the state court's denial of U.S. Bank's motion had been without prejudice and with an invitation to further motion practice that might result in Gokhvat's joinder to the state case.

## II.    LEGAL STANDARDS

"A federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (internal quotation marks omitted); *accord Tuebor Reit Sub LLC v. Paul*, No. 19 Civ. 8540, 2020 WL 4897137, at *5 (S.D.N.Y. Aug. 19, 2020). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk*, 673 F.3d at 100 (internal quotation marks omitted); *accord Smulley v. Mut. of Omaha Bank*, 634 F. App'x 335, 337 (2d Cir. 2016) (summary order). "Merely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the state suit." *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985); *accord Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 296 (S.D.N.Y. 2017). It does not require an "exact identity of parties … when the interests of the parties in each case are congruent." *Phillips*, 252 F. Supp. 3d at 298.

When there is a parallel state proceeding, federal district courts consider the following six factors to determine whether a *Colorado River* abstention is appropriate: (1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the plaintiff's federal rights. *Niagara Mohawk*, 673 F.3d at 100-01; *accord Tuebor Reit Sub LLC*, 2020 WL 4897137, at *5. For in rem or quasi in rem actions, "the first prong of the *Colorado River* abstention test is dispositive." *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 101 (2d Cir. 1999); *accord United States v. Stratton*, No. 19 Civ. 1716, 2020 WL 1530846 (W.D.N.Y. Mar. 31, 2020), *report and recommendation adopted*, 2020 WL 2042408 (W.D.N.Y. Apr. 28, 2020). "[I]n cases where a court has custody of property, that is, proceedings in rem or quasi in rem … the state or federal court having custody of such property has exclusive jurisdiction to proceed." *Four Star Holding Co.*, 178 F.3d at 102 (quoting *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964)). "When a Court chooses to abstain pursuant to *Colorado River*, it may elect to stay actions for damages or dismiss actions seeking equitable or otherwise discretionary relief." *Tuebor Reit Sub LLC*, 2020 WL 4897137, at *7.

### III.     DISCUSSION

*Colorado River* abstention is inappropriate because the state court action is not "parallel." *Niagara Mohawk*, 673 F.3d at 100-01. "[P]arallelism is 'a necessary prerequisite to abstention under *Colorado River*'" and requires a "a threshold determination" by the Court before reaching the abstention factors. *Mochary v. Bergstein*, 42 F.4th 80, 85, 86 (2d Cir. 2022). The federal and state actions are not parallel because the parties, their interests and the issues raised are different.

Gokhvat is not a party to the state action, and Gordons is not a party to this action. It is not enough that Gokhvat *could* become a party to the state action and press its arguments there.

"Our case law has never obligated federal plaintiffs to intervene in state court proceedings to bring claims properly subject to federal court jurisdiction," and Gokhvat's "right to federal court is not dependent on the lack of a state court remedy." *Id.* at 87.

Gokhvat's interests are not "congruent" with Gordons's, nor is Gokhvat's theory of the case pressed by or even available to Gordons. *Cf. Canaday v. Koch*, 608 F. Supp. 1460, 1475 (S.D.N.Y. 1985) ("Where the interests of the plaintiffs in each of the suits are congruent, *Colorado River* abstention may be appropriate notwithstanding the nonidentity of the parties."); *Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 663 (S.D.N.Y. 2016) ("Perfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case."). The only issue here is whether -- notwithstanding the Appellate Division's reversal -- Gokhvat was entitled to rely upon the Supreme Court's dismissal of the foreclosure. Gordons has no incentive and likely no ability to raise that issue on Gokhvat's behalf in state court. Similarly, the issues to be litigated (if not already decided) in the Second Foreclosure Action include whether the mortgage is valid and whether there was a default, neither of which Gokhvat disputes in federal court. Nor will the state court action necessarily moot Gokhvat's claims, if Gokhvat is never joined to the action or bound by the state court's judgment. *See Mochary*, 42 F.4th at 86-87.

Defendants cite several cases in which borrowers came to federal court as plaintiffs to enjoin foreclosure actions in which they were defendants. *See Krondes v. Nationstar Mortg., LLC*, No. 17 Civ. 4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018); *Potente v. Cap. One, N.A.*, No. 16 Civ. 3570, 2018 WL 1882848, at *4 (E.D.N.Y. Apr. 19, 2018); *Sitgraves v. Fed. Home Loan Mortg. Corp.*, 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017). The fact that the federal plaintiffs in those cases added extra parties or extra claims was immaterial. *Phillips*, 252

7

F. Supp. 3d at 298 ("If the rule were otherwise the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties." (cleaned up)). The obvious difference is that Gokhvat is not a defendant in state court.

To the extent those cases and others hold that the assignee of a mortgage has an interest congruent to that of the original mortgagee, that does not resolve whether a purchaser of property has an interest congruent to that of a prior mortgagor. Under New York law, "[a]n assignee of a mortgage can continue an action in the name of the original mortgagee, even in the absence of a formal substitution," so in such a case "[t]here is complete identity of parties." *Teves Realty, Inc. v. Bartley*, No. 14 Civ. 3227, 2017 WL 1232443, at *3 (E.D.N.Y. Mar. 31, 2017) (quoting *Cent. Fed. Sav., F.S.B. v. 405 W. 45th St., Inc.*, 662 N.Y.S.2d 489 (1st Dep't 1997)). Defendants have not pointed to any similar rule for successors to a mortgagor, and the Court has found none.

 A recipient of a valid assignment from a mortgagee generally will have all the same rights in the mortgage, so if it "truly holds an assignment . . . it can continue to press its predecessor's claims in the state action." *Id.* In contrast, Gokhvat alleges that it possesses a different interest from the one Gordons possessed, because of the way Gokhvat acquired the property. In this case, "there is no reason to assume" either Gordons or Gokhvat necessarily could or would press the other's claim in state court. *See Mochary*, 42 F.4th at 87.

Because there are no parallel proceedings, there is no need to analyze the six-factor *Colorado River* balancing test. *Mochary*, 42 F.4th at 86. Even if, as Defendants argue, the state court's jurisdiction over the res would be dispositive of that balancing, parallel proceedings are a "prerequisite" to that analysis. *Id.* Abstention is a "disfavored," "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" that requires "exceptional circumstances" even where parallel proceedings exist. *Niagara Mohawk*,

8

673 F.3d at 100.  In the absence of parallel proceedings, no "justifications . . . can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Id.* at 101.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss on *Colorado River* abstention grounds is **DENIED,** and Plaintiff's motion to retain jurisdiction is **GRANTED**.  If Defendants wish to renew their motion to dismiss, Defendants shall file a notice of motion by **September 8, 2022**.  The Court will rely on the parties' prior briefing on the motion to dismiss.  If Defendants wish to add any new argument or authority, they may file a letter of up to three pages by **September 8, 2022**, and Plaintiff may file a responsive letter by **September 22, 2022**.

Plaintiff's motion for leave to move for summary judgment is **DENIED** as premature and without prejudice to renewal after resolution of any motion to dismiss.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 49 and 51.

Dated: August 25, 2022
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

9