```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
GOKHVAT HOLDINGS LLC,                                         :
                                    Plaintiff,                :
                                                              :         21 Civ. 2558 (LGS)
                    -against-                                 :
                                                              :         OPINION AND ORDER
U.S. BANK NATIONAL ASSOCIATION, et al.,                       :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Gokhvat Holdings LLC ("Gokhvat") seeks to quiet title to real property under Article 15 of New York's Real Property Actions and Proceedings Law ("RPAPL"), § 1501(1) and § 1501(4). Defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss the Amended Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion is granted.

I.   BACKGROUND

Familiarity with the factual background is assumed. Most of the relevant facts are recited in the Court's opinion addressing the parties' cross-motions on *Colorado River* abstention. *See Gokhvat Holdings LLC v. U.S. Bank Nat'l Ass'n*, No. 21 Civ. 2558, 2022 WL 3668270 (S.D.N.Y. Aug. 25, 2022) ("*Gokhvat I*"). Capitalized terms herein that are not defined have the meaning prescribed in that opinion. Below is a brief summary, including developments since the prior opinion.

A.   The Complaint in this Action

Plaintiff seeks a declaratory judgment that it is the rightful title holder of the Property under the RPAPL, sections 1501(1) and 1501(4). Section 1501(1) allows claimants to "compel

determination of any claim adverse to that of the plaintiff which the defendant . . . might make." Specifically, Plaintiff argues that U.S. Bank's mortgage is unenforceable because "the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired." RPAPL § 1501(4). An action to foreclose a mortgage is subject to a six-year statute of limitations. CPLR § 213(4). "Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt." *Nationstar Mortg., LLC v. Weisblum*, 39 N.Y.S.3d 491, 493 (2d Dep't 2016). CPLR § 205, however, permits a plaintiff to "commence a new action upon the same transaction . . . within six months after the termination" of an earlier, timely-filed action, unless the earlier action was terminated on one of several enumerated grounds.

The Complaint alleges that the statute of limitations began to run on May 21, 2010, when the First Foreclosure Action was commenced and the debt accelerated. The First Foreclosure Action was dismissed on March 27, 2018. The Second Foreclosure Action was commenced on August 20, 2018. The Supreme Court initially dismissed the Second Foreclosure Action on the ground that it was untimely. On March 25, 2021, the Appellate Division reversed, holding that the Second Foreclosure Action was timely pursuant to CPLR 205(a), which permits a plaintiff to "commence a new action upon the same transaction . . . within six months after the termination" of an earlier, timely-filed action, except in certain inapplicable circumstances. After the Supreme Court had dismissed the Second Foreclosure Action, and about one week before the Appellate Division reinstated it, on March 17, 2021, the then-owner conveyed the Property, an apartment at 20 West Street, to Gokhvat for $125,000. Gokhvat commenced this action on March 24, 2021.

Gokhvat seeks cancellation and discharge of U.S. Bank's mortgage or a declaration that the mortgage is unenforceable. The Complaint alleges in sum that Plaintiff is entitled to rely on the trial court decision cancelling the notice of pendency, and holding that the mortgage was time-barred and barring U.S. Bank from commencing a foreclosure action. Gokhvat maintains that the Appellate Division's subsequent reversal of that decision and holding that the mortgage is not time-barred does not affect Gokvhat's interest in the Property.

### B. The State Court Action

The Second Foreclosure Action brought by U.S. Bank to foreclose on the Property is still being defended by Gordons, the predecessor in interest to Gokhvat. At the time the prior opinion was issued, the state court in the Second Foreclosure Action had vacated a prior order that had granted U.S. Bank summary judgment and found that Gordons lacked standing to defend the action because of the transfer to Gokhvat. The state court also had denied without prejudice both Gordons's motion to dismiss based on U.S. Bank's failure to substitute Gokhvat and U.S. Bank's cross-motion to substitute Gokhvat. Gordons had filed a renewed motion to reject a prior referee's report on the amount owed under the mortgage, and U.S. Bank had cross-moved to confirm that report and enter judgment of foreclosure and sale. Those motions remain pending.

Since then, Gordons filed a motion to renew its prior opposition to U.S. Bank's motion for summary judgment based on an intervening change in the law. On June 16, 2022, the New York Court of Appeals held that CPLR 205(a) "'applies *only* where the second action is brought by the same plaintiff' or an estate representative." *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 197 N.E.3d 978, 983 (N.Y. 2022). This decision rejected a rule that had been widely followed that "authorize[d] commencement of a new action by any entity seeking to pursue the 'same rights' as the prior plaintiff." *Id.* Gordons argues that this change in law requires a different

3

outcome than that reached by the Appellate Division in reinstating U.S. Bank's Second Foreclosure Action pursuant to that savings statute.  Gordons's motion is pending.

## II.     LEGAL STANDARDS

Pursuant to "the 'prior exclusive jurisdiction' doctrine," if "two suits are in rem, or quasi in rem[,] the jurisdiction of one court must yield to that of the first to consider the action." *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 191-92 (2d Cir. 2018) (cleaned up).  "Although it is a principle of comity, in the nature of an abstention doctrine, [this] rule is no less binding on federal courts." *Carvel v. Thomas & Agnes Carvel Found.*, 188 F.3d 83, 86 (2d Cir. 1999); *accord Leopard Marine*, 896 F.3d at 192.  "[T]his doctrine applies in any suit 'where, to give effect to its jurisdiction, the court must control the property.'"  *Carvel*, 188 F.3d at 86.  The prior exclusive jurisdiction doctrine does not apply, however, where one of the actions is *in personam* and "merely adjudicates *rights* in the res."  *Leopard Marine*, 896 F.3d at 193.

## III.    DISCUSSION

The Court abstains from exercising jurisdiction over this action because of the "binding" nature of the prior exclusive jurisdiction doctrine where two suits are "in rem, or quasi in rem." *Carvel*, 188 F.3d at 86.  "A foreclosure action is an *in rem* proceeding."  *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999); *accord Marrero v. U.S. Bank Nat'l Ass'n*, No. 21 Civ. 11182, 2022 WL 4072936, at *7 (S.D.N.Y. Sept. 2, 2022).  While the U.S. Supreme Court once stated that "quiet title actions are *in personam* actions," that is not always the case. *Compare Nevada v. United States*, 463 U.S. 110, 143 (1983), *and Windward Bora, LLC v. Bank of New York Mellon*, No. 19 Civ. 858, 2020 WL 7042761, at *5 (E.D.N.Y. Nov. 30, 2020), *with, e.g., Upper Skagit Indian Tribe v. Lundgren*, 138 S. Ct. 1649, 1652 (2018) (discussing "cases where a judge 'exercis[es] in rem jurisdiction' to quiet title in a parcel of land"); *V&A*

4

*Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 131 (2d Cir. 2022) (addressing "an in rem action to quiet title" to a painting). While there appears to be no binding precedent from New York's highest court on the question, the Court of Appeals likely would conclude that an action under Article 15 of the RPAPL is *in rem* or *quasi in rem*. *Cf. Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (answering in the affirmative the Ninth Circuit's certified question whether a quiet title action under a similar statute was *quasi in rem*, and collecting cases). *But see Windward Bora*, 2020 WL 7042761, at *5 (reaching the opposite conclusion with respect to RPAPL § 1501); *Barricello v. Wells Fargo Bank, N.A.*, No. 13 Civ. 12795, 2015 WL 13684876, at *4 (D. Mass. Mar. 16, 2015) (same with respect to a similar statute).

The instant action may not be *in rem* both because it is not brought directly against the Property, and because it will determine the rights of only the parties in the Property, not of the whole world. *See Oneida Indian Nation of Wis. v. State of New York*, 732 F.2d 261, 265 (2d Cir. 1984) ("Ordinarily a judgment in an ejectment or quiet title action will not affect the interests of others than the parties or those in privity with them. Such actions do not operate *in rem* upon the land itself . . . ."). This action is likely *quasi in rem*, however, as it is "brought to determine or establish interests in the property with respect to specific persons." Restatement (Second) of Judgements § 30, *cmt.* (a); *see* Restatement (Second) of Conflict of Laws § 95, *cmt.* (f); *Shaffer v. Heitner*, 433 U.S. 186, 199 n.17 (1977) (describing as "quasi in rem" an action "seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons"). New York cases and treatises are in accord with this general rule. *See Gager v. White*, 425 N.E.2d 851, 854 (N.Y. 1981) (describing actions "to establish or extinguish claims to or in particular property" as *quasi in rem*); *Majique Fashions,*

5

*Ltd. v. Warwick & Co., Ltd.*, 414 N.Y.S.2d 916, 920 (1st Dep't 1979) ("In rem jurisdiction . . . involves an action in which a plaintiff is after a particular thing, rather than seeking a general money judgment, that is, he wants possession of the particular item of property, or to establish his ownership or other interest in it, or to exclude the defendant from an interest in it."); Patrick M. Connors, *Siegel, N.Y. Prac.* § 101 (6th ed.), Westlaw (database updated Dec. 2022) (listing "an action to quiet title" as among an "'in rem' category of action" that "produces a judgment binding only on those who have been named as parties and duly notified"); 8B Carmody-Wait 2d, *N.Y. Prac.* § 63:209, Westlaw (database updated Nov. 2022) ("[A] judgment quasi in rem affects the interests of particular persons in designated property."); 73 N.Y. Jur. 2d, Judgments § 152, Westlaw (database updated Nov. 2022) (same).

Article 15 of the RPAPL further supports that actions under § 1501 are *quasi in rem* and not *in personam*. The statute contemplates suits against persons "unknown" who could not be personally served with process. § 1501(1); *see* § 1501(4); § 1513 (providing for appointment of a guardian ad litem). The statute does not permit the plaintiff to bring an action against whichever defendants plaintiff chooses, but rather requires that persons in possession of the property be made a party. § 1511(1). The statute expressly contemplates service of process being made by publication, which is generally restricted to *in rem* and *quasi in rem* actions in New York. *See* § 1519(2); CPLR 314(2), 315; *Holmes v. Camp*, 114 N.E. 841, 844 (1916) ("[S]uch an action as this affecting the apparent title and true ownership of that interest is one in the nature of a proceeding in rem which may be entertained by our courts, and in which . . . jurisdiction of a nonresident defendant may be obtained by service of a summons by publication."). And the statute limits the effect of a judgment to determining title to the property, with no provision for money damages or any other form of relief. RPAPL § 1531(1).

The foregoing features also distinguish Article 15 actions from the action at issue in *Leopard Marine*, which was brought under the federal Declaratory Judgment Act and concerned property in Panama and outside New York. 896 F.3d at 181. *Leopard Marine* held that an action that "merely adjudicates *rights* in the res" may be *in personam*, as it was in that case. *Id.* at 193. But the statutory cause of action here contemplates jurisdiction over the property itself. Because the state court has prior exclusive jurisdiction over the Property, this Court's jurisdiction must yield, and this case is dismissed on abstention grounds.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 54 and close the case.

Dated:  January 24, 2023
        New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE